On Application for Rehearing.
Appellant complains of the action of the court, in having of its own motion, dismissed his appeal for his failure to have filed the transcript within the legal delays. He says:
*1262 “The Code of Practice, Article 588, gives two means by which an appellee (not the court), may cause appeals to be dismissed for failure to comply with its provisions, viz:
“'Either to obtain a. certificate from the clerk of the appellate court, certifying that the record has not been brought up which gives him the right of execution (C. P. 589); or,
“The appellee may bring up the record for himself and pray for judgment,” or “the dismissal of the appeal”. (Article, C. P. 590.)
“These methods of appeal are personal to the appellee, over which he has absolute control, and he may waive the enforcement of the provisions expressly or tacitly by doing some act which shows he does not desire to avail himself of the provisions of the law; to enforce the law he must make the motion.”
“He waives his right — advantage—by asking the amendment of the judgment. (Jacob vs. Yale & Bowling, 39th Ann., 359). Succession of Dufossat vs. LaBranche, 27th Ann., 286.
“In the latter, case no motion was made to dismiss for failure to file within three days, as per Act 25 of 1874, but appellee urged the dismissal in argument, the. court held that an appeal could not be dismissed on a suggestion.
“Court held that motions to dismiss must be in writing before there is a joinder in error, or answer, otherwise the preliminary objections are considered as waived. (Claflin vs. Lisso & Scheen, 31st Ann., 171.)
“Appellee need not file a motion to dismiss within three days but he must file it. (McDonogh vs. DeGruys, 10 th Ann., 75; Moriere vs. Robinson, 20th Ann., 229.)”
“The right to dismiss is personal and can be waived. (Cousin vs. Brother, 21st Ann., 210.)”
It is undoubtedly true that this court has recognized the doctrine of waiver in respect to dismissals of appeals, in a proper class of cases. One of such cases is cited by appellant where the appellee has moved to dismiss after praying for an amendment of judgment.
In all such cases the parties were before the court. In the present instance the city of New Orleans is not before us and never has been, and has, therefore, done nothing upon which a waiver could be made to rest. Had it made an appearance and taken action of any kind inconsistent with a dismissal, appellant’s contention would have a force which it utterly fails to have under actual conditions.
*1263 In one of the cases cited by the appellant (Moriere vs. Robinson), we said: “The appellee is not bound after, three days to know that the-transcript has been filed unless the return day is extended”, and the same idea is repeated in Coudroy vs. Pecot, 51st Ann., 496, where we said: “If .the appeal was abandoned (as we hold it was) the effect was self-acting, needing no order of court to make it operative.
“An order of court would be merely declaratory of an existing fact. The first return day having passed without the filing of the transcript, appellee was not called upon to be 'in court upon any subsequent return day for the parish, to ascertain whether the transcript would be filed, and if so at what time. There would be no fixed period to which the three days’ rule could be made to apply.”.
If we were to take up and dispose of this case on appeal .on its merits, as appellant asks, and we should reverse the judgment rendered in the District Court in favor of the defendant without its having made any appearance, or been notified in any way that the appeal was before the court, we would find ourselves in presence of a still existing right on the part of the appellee to require from the clerk of this court the certificate he was entitled to ask of him, under Article, C. P. 589, for the law fixes no time within which he should call for such a certificate. The court should certainly not have placed itself in such a situation.
hearing is refused.